UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| NATIONAL HORSEMEN'S BENEVOLENT AND PROTECTIVE ASSOCIATION, et al., <br><br> Plaintiffs, <br><br> THE STATE OF TEXAS and THE TEXAS RACING COMMISSION, <br><br> Intervenor-Plaintiffs, <br><br> v. <br><br> JERRY BLACK, et al., <br><br> Defendants. | No. 5:21-CV-071-H |

## ORDER

Before the Court is the intervenor-plaintiffs' and plaintiffs' Joint Emergency Motion to Amend Judgment Pursuant to Fed. R. Civ. P. 59(e). Dkt. No. 101. The intervenor-plaintiffs' attach their proposed first amended complaint (Dkt. No. 101-1) to their motion and request that it be filed in lieu of their prior notice of dismissal (Dkt. No. 95). For the reasons stated below, the Court first denies the motion to amend its prior judgment because the prior judgment was a nullity. Second, the Court certifies that its prior order denying the plaintiffs' motion for summary judgment and granting the defendants' motions to dismiss (Dkt. No. 92) was final as to the claims it dismissed with prejudice, which the plaintiffs and intervenor-plaintiffs subsequently appealed. *See* Fed. R. Civ. P. 54(b). Lastly, the Court grants the intervenor-plaintiffs' request to amend their complaint to drop their anti-commandeering claim.

1. **Background**

On March 31, 2022, the Court issued a memorandum opinion and order granting the defendants' motions to dismiss and denying the plaintiffs' and intervenor-plaintiffs' motion for summary judgment. Dkt. No. 92. In so doing, the Court dismissed all claims in this case, except for the intervenor-plaintiffs' anti-commandeering claim. *Id.* After conferring with all parties, the intervenor-plaintiffs then filed a notice of voluntary dismissal of its anti-commandeering claim without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Dkt. No. 95. In its notice, the intervenor-plaintiffs asserted that "Counsel for all parties agreed to the dismissal of Texas's anti-commandeering claim without prejudice" and requested that the Court close the case. Dkt. Nos. 95 at 3; 95-1. The Court then entered an order dismissing the anti-commandeering claim without prejudice under Rule 41(a)(1) (Dkt. No. 96) and entered a final judgment (Dkt. No 97). The Court's judgment recognized that all claims addressed in its prior memorandum opinion and order (Dkt. No. 92) were dismissed with prejudice and that the anti-commandeering claim was dismissed without prejudice. *See* Dkt. No. 97. Believing that the Court had entered a final, appealable judgment, the plaintiffs promptly filed a notice of appeal. Dkt. No. 98. Two days later, the intervenor-plaintiffs did the same. Dkt. No. 99.

2. **Analysis**

The Court finds that its prior "Final Judgment" (Dkt. No. 97) was invalid because it did not dispose of all claims in this action. And though the parties seem to support the intervenor-plaintiffs' request for an amended judgment, they have identified no authority indicating that a jurisdictional defect may be cured by amending an otherwise invalid judgment after the parties have already filed notices of appeal. *See* Dkt. Nos. 101; 102; 104;

105. The plaintiffs' authorities make clear that a claim may be dropped by filing an amended complaint, but they do not address whether a party may properly do so after a notice of appeal has been filed. To remove any doubt regarding jurisdiction on appeal, the Court declines to amend its prior "judgment," and, instead, certifies that its prior order (Dkt. No. 92) was final and appealable under Federal Rule of Civil Procedure 54(b). The Court also grants the intervenor-plaintiffs request to amend their complaint and drop their anti-commandeering claim.

      **A.**    **The Court declines to amend it prior judgment because the judgment itself was invalid.**

Under Fifth Circuit case law, Rule 41(a) allows plaintiffs to dismiss entire actions, not individual claims. *See Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 662 (5th Cir. 1979). Here, however, the intervenor-plaintiffs attempted to dismiss an individual claim under Rule 41(a)(1). *See* Dkt. No. 95. Thus, the Rule 41(a)(1) dismissal was invalid, and their anti-commandeering claim is "still pending in the district court." *Exxon*, 599 F.2d at 663; *see Williams v. Seidenbach*, 958 F.3d 341, 346 (5th Cir. 2020); *see also Swope v. Columbian Chemicals Co.*, 281 F.3d 185, 192 (5th Cir. 2002) (recognizing that "appellate jurisdiction over a non-final order cannot be created by dismissing the remaining claims without prejudice").

As the plaintiffs recognize, because the prior Rule 41(a)(1) dismissal was invalid, the Court's prior "Final Judgment" (Dkt. No. 97) was also invalid. *See* Dkt. No. 102 (recognizing that the prior judgment was void because less than all claims were finally resolved). In an action involving multiple claims, a judgment is final only if it resolves all claims or if the Court certifies that judgment as to less than all claims is appropriate under

3

Rule 54(b). Neither happened here. Thus, there is no "Final Judgment" to amend.* And because there is no valid final judgment to amend, the Court denies the motion to "amend" the "judgment" under Rule 59(e) (Dkt. No. 101).

Moreover, if the Court were to "amend" its prior judgment under Rule 59(e), it is unclear whether the current pending appeal would remain valid. Indeed, as the Authority defendants state in their response to the plaintiffs' emergency motion to expedite appeal, "the status of the [Fifth Circuit's] prospective jurisdiction over this appeal once the district court takes action to address the currently defective judgment is unclear." *See* Defendants-Appellees Jerry Black and Horseracing Integrity and Safety Authority, Inc.'s Opposition to Emergency Motion to Expedite Appeal at 25, *Nat'l Horsemen's Benevolent and Protective Ass'n v. Jerry Black*, No. 22-10387 (5th Cir. Apr. 24, 2022). By declining to amend its prior "Final Judgment," and instead certifying that its previously appealed order was appealable under Rule 54(b), the Court aims to remove any doubt as to the Fifth Circuit's jurisdiction over the pending appeal.

### B. The Court certifies that its previously appealed order (Dkt. No. 92) was final under Rule 54(b).

Fifth Circuit precedent indicates that a premature notice of appeal of a non-appealable order may be perfected if "the district court's order . . . would have been appealable if immediately followed by the entry of judgment pursuant to Federal Rule of Civil Procedure 54(b)." *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 379 (5th Cir. 1996). Because the Court's prior order dismissing all claims except the anti-commandeering claim

---

* "[A]bsent an order to the contrary, 'any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties.'" *See Williams*, 958 F.3d at 343 (citing Fed. R. Civ. P. 54(b)).

(Dkt. No. 92) "'would have been appealable if followed by Rule 54(b) certification and order, rule 4(a)(2) permits [the appeals] court to exercise its jurisdiction,' where a final judgment was actually entered subsequent to the filing of the notice of appeal." *Cousin v. Small*, 325 F.3d 627, 631 (5th Cir. 2003) (quoting *Barrett*, 95 F.3d at 379). So rather than attempting to use Rule 41 to facilitate an appeal, the intervenor-plaintiffs could have sought "a partial final judgment under Rule 54(b)." *Williams*, 958 F.3d at 346; *see Swope*, 281 F.3d at 193. Thus, the Court now certifies that its prior order (Dkt. No. 92), which the plaintiffs and intervenor-plaintiffs appealed (Dkt. Nos. 98; 99), is final and appealable under Rule 54(b).

Under Rule 54(b), a court may direct entry of final judgment as to some but not all claims in an action if "the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Here, the Court finds that no just reason for delay exists. The intervenor-plaintiffs indicate that they no longer wish to pursue their anti-commandeering claim in this action. *See* Dkt. No. 101 at 2 (seeking to "withdraw[]" that claim). Thus, allowing appeal of the claims this Court dismissed with prejudice in its prior order (Dkt. No. 92) will facilitate "judicial administrative interests" and avoid the possibility of piecemeal appeals. *See Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). Further, the "equities" favor Rule 54(b) certification because allowing appeal now will conserve party resources. *See* Dkt. No. 102. Thus, the Court certifies that its prior order dismissing all claims with prejudice except for the anti-commandeering claim (Dkt. No. 92) is final and appealable under Rule 54(b), and the Court will enter a final judgment reflecting the same. In the Court's view, this certification perfects the plaintiffs' and intervenor-plaintiffs'

premature notice of appeal. *Barrett*, 95 F.3d at 379; *Cousin*, 325 F.3d at 631; Fed. R. App. P. 4(a)(2).

### C. The Court grants the intervenor-plaintiffs' request to amend their complaint and drop their anti-commandeering claim.

Lastly, the intervenor-plaintiffs request that the Court accept their amended complaint, which drops their anti-commandeering claim. Dkt. No. 101 at 2; *see Williams*, 958 F.3d at 346 (recognizing that plaintiffs may excise remaining claims or parties under Rule 15(a)"). The intervenor-plaintiffs believe they can amend their complaint by right under Federal Rule of Civil Procedure 15(a)(1)(B). *See* Dkt. No. 101 at 2. Even if they cannot, the Court would grant leave to amend because the defendants indicate that they consent to the intervenor-plaintiffs' amendment. Dkt. Nos. 104 at 2; 105 at 1–2. Further, the Court finds that "justice so requires" amendment. Fed. R. Civ. P. 15(a)(2). The intervenor-plaintiffs no longer seek to litigate their anti-commandeering claim in this action, they did not unduly delay in seeking amendment, the defendants consent to amendment, and the defendants have not filed a responsive pleading to the claim. *See generally Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992) (outlining the factors a court may consider in granting or denying leave to amend). Thus, the Clerk is directed to file the intervenor-plaintiffs' amended complaint (Dkt. No. 101-1), dropping their anti-commandeering claim, as a separate docket entry.

So ordered on April 25, 2022.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE